UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, | Case No.: 2:22-cv-00756-APG-NJK |
| Plaintiff | **Three Strikes Order** |
| v. | |
| MARTINEZ, et al., | |
| Defendants | |

Plaintiff John Turner, who is in the custody of the Nevada Department of Corrections (NDOC), has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis and a motion for defendants to provide him ointments and medications as needed. ECF Nos. 1, 1-1, 3. However, on at least six prior occasions, this court and the U.S. Court of Appeals for the Ninth Circuit have dismissed civil actions or appeals commenced by Turner while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[1]

If a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,"

---

[1] *See Turner v. Self-Help Center et al.*, 2:13-cv-01954-MMD-GWF (district court dismissed case for failure to state a claim on January 9, 2014*); Turner v. Clark County Detention Center et al.*, 2:13-cv-02117-JAD-PAL (district court dismissed case for failure to state a claim and as frivolous on January 10, 2014, and appellate court dismissed appeal as frivolous on April 9, 2014); *Turner v. HDSP et al.*, 2:13-cv-01752-GMN-NJK (district court dismissed case as frivolous on January 13, 2014); and *Turner v. Law Library et al.*, 2:14-cv-00163-JAD-GWF (district court dismissed case for failure to state a claim on April 21, 2014, and appellate court dismissed appeal as frivolous on August 20, 2014).  I take judicial notice of both courts' prior records in these matters.

he may not proceed in forma pauperis and, instead, must pay the full $402.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, Turner alleges that, on March 26 or 27, 2022, while at the Clark County Detention Center (CCDC), Officer Martinez conducted an inappropriate search below Turner's waist and pushed Turner to the ground. *See generally* ECF No. 1-1.  Turner also alleges that Officer Martinez pushed him to the ground on March 30, 2022. *Id.*  Turner initiated this lawsuit on May 12, 2022. *Id.*  These allegations fail to plausibly allege that Turner was in imminent danger of serious physical injury at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing).  Turner alleges two incidents with Officer Martinez that took place a month and a half prior to the filing of this lawsuit.  There are no allegations in the complaint that Turner had any ongoing contact with Martinez that could be interpreted as an ongoing danger of serious physical injury.  As such, Turner must pre-pay the $402.00 filing fee in full.

I also deny as moot Turner's motion for CCDC officials to provide him with ointments and medications (ECF No. 3).  Turner is now in the custody of the NDOC and is no longer incarcerated at the CCDC. *See* ECF Nos. 4, 5 (changing address to High Desert State Prison).

I therefore order that Turner's application to proceed in forma pauperis **(ECF No. 1) is denied.**

I order that this action will be dismissed without prejudice unless Turner pays the $402.00 filing fee in full by **August 19, 2022**.

1     I order the Clerk of the Court to send Turner two copies of this order. Turner will make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

    I order the Clerk of the Court to retain the complaint (ECF No. 1-1) but will not file it at this time.

    I order that the motion to provide ointments and medications **(ECF No 3) is denied as moot.**

Dated: July 15, 2022

                                                                            _____
                                                                            U.S. District Judge